NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2011
Decided October 7, 2011

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-3937

| | |
|---|---|
| JOSEPH A. SOTTORIVA, | Appeal from the United States District |
|      *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
|     *v.* | No. 3:06-cv-03118 |
| | |
| ROCCO J. CLAPS, Director of the Illinois | Michael P. McCuskey, |
| Department of Human Rights, and | *Chief Judge*. |
| JUDY BAAR TOPINKA, Comptroller of | |
| the State of Illinois, | |
|     *Defendants-Appellees*. | |

**O R D E R**

Upon his return from a tour of duty in Iraq, Joseph Sottoriva sued his civilian employer, the director of the Illinois Department of Human Rights, and the state comptroller, raising three claims related to the Department's withholding of portions of his salary. The dispute arose because of a computer glitch that caused Sottoriva to be overpaid during his time in Iraq. When he returned to work from active duty, the Department sought to withhold a portion of his wages in order to correct and recoup the earlier error. Sottoriva brought this suit, in which he sought a permanent injunction against the withholding, damages from alleged tax losses, and the removal of the Director of the Department.

Sottoriva was partially successful in the district court. The court entered partial summary judgment in favor of Sottoriva, holding that the Department had violated his due-process rights by withholding portions of his salary without first giving him a hearing to challenge the procedure. But the court denied his motion for a permanent injunction prohibiting the withholding. The court also held that his claim for removal of the Director was barred by the Eleventh Amendment. Based on the court's ruling on summary judgment, Sottoriva withdrew his tax-losses claim prior to trial. *See Sottoriva v. Claps*, 617 F.3d 971, 974 (7th Cir. 2010).

Sottoriva then moved for attorney's fees pursuant to 42 U.S.C. § 1988. After calculating the "lodestar" fee, the district court reduced that amount by 67% "to reflect Plaintiff's limited degree of success." *Id.* On appeal we agreed with the district court that a downward adjustment of Sottoriva's fees was warranted due to his limited success. But we also determined that the district court failed to explain "how it settled on a 67% reduction." *Id.* at 976. We were especially concerned because the 67% reduction might have been based on the fact that Sottoriva was unsuccessful on two of his three claims, a form of "claim counting" disapproved by the Supreme Court. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 n.11 (1983). We vacated the fee award and remanded to the district court for a more thorough explanation.

On remand the district court once again reduced the fee award by 67%, this time discussing Sottoriva's partial success in detail. The court noted that Count I (the due-process count) was the most important of the three counts, but "Sottoriva lost most of Count I." He prevailed on his claim for a hearing before his employer could withhold the back overpayment from his salary, but his request for a permanent injunction against the withholding was denied. The court noted that the Department might still withhold the amounts from his salary; it need only give Sottoriva a hearing before doing so. Finally, the court explained that Sottoriva's limited success on Count I foreclosed relief on Count II (for tax losses), and that Count III (for removal of the Director) had also failed. In summary, the court concluded that

> the limited success on the central claim, Count I, should result in a reduction of the fee award by more than fifty percent. . . . This very limited success on the primary claim merits a reduction in fee in the range of 55 to 60 percent. The fee award should be reduced further by the complete lack of success on Count[s] II and III.

On this analysis, the court once again settled on a 67% reduction of the lodestar fee.

We review fee awards for abuse of discretion. District courts have "wide latitude" to determine fee awards. *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003). We

previously held in this case that a reduction in the lodestar fee was appropriate, *see Sottoriva*, 617 F.3d at 975-76, so the only issue before us is whether the district court abused its discretion in choosing on remand to reduce the award by 67%. Where a plaintiff is only partially successful in his case, the most important factor in determining a reasonable attorney fee is the degree of success achieved. *Hensley*, 461 U.S. at 434 ("This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief.").

The district court explained in detail its reasoning for again arriving at a 67% fee reduction on remand, and we see no error in its analysis. Sottoriva sought to permanently enjoin his employer from withholding any of his wages. He also sought damages for alleged tax losses he suffered and the removal of his boss from office. He achieved only a limited injunction entitling him to a hearing before the Department could withhold more than a certain amount from his salary. The district court was within its discretion to conclude that a substantial reduction was warranted because Sottoriva lost more than he won on the most important claim in his case and lost entirely on the remaining two claims. The 67% reduction was adequately explained on remand, reasonable under the circumstances, and within the district court's "wide discretion" to determine fee awards. *See Divane*, 319 F.3d at 314.

AFFIRMED.